OPINION
{¶ 1} Defendant-appellant George Deck appeals the March 14, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, which adjudicated him a sexual predator. Appellant also appeals the March 15, 2006 Judgment Entry entered by the same court, which overruled his motions challenging the constitutionality of R.C. 2950.09(C) and H.B. 180. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On July 29, 1987, the Stark County Grand Jury indicted appellant on one count of aggravated murder, in violation of R.C.2903.01; and one count of kidnapping, in violation of R.C.2905.01. The indictment included a death penalty specification. On January 22, 1988, the trial court found appellant incompetent to stand trial and committed appellant to the Moritz Forensic Unit for restoration.
 {¶ 3} The trial court found appellant restored to competency on February 6, 1989. The matter proceeded to jury trial with the jury finding appellant guilty of both charges. The jury recommended life imprisonment with the eligibility of parole after thirty years. The trial court followed the jury's recommendation, and sentenced appellant to a life term with parole eligibility after thirty years for aggravated murder and an indefinite term of ten to twenty-five years for kidnapping. The trial court ordered the sentences be served consecutively. Appellant appealed. This Court affirmed his convictions and sentences in State v. Deck (October 15, 1990), Stark App. No. CA7-943, unreported.
 {¶ 4} Subsequent to the effective date of House Bill 180, the Warden of Belmont Correctional Institution, where appellant is incarcerated, filed an H.B. 180 screening form, recommending appellant be adjudicated a sexual predator. The trial court ordered appellant conveyed to the Stark County Jail pending the hearing. Prior to the hearing, appellant's counsel filed three motions challenging the constitutionality of H.B. 180.
 {¶ 5} The trial court conducted the classification hearing on March 9, 2006. Detective Michael O'Brien of the Canton Police Department was the sole witness. Detective O'Brien testified, in July, 1987, he and other members of the department investigated the disappearance of nine year old Glenna Brammer. During the course of the investigation, the detective learned appellant was the last person seen with Glenna. Detective O'Brien and Sgt. John Boerner initially interviewed appellant. During the interview, appellant advised the officers he had encountered Glenna at a small city park and began to talk to her. Appellant knew Glenna from the neighborhood and was familiar with her prior to meeting her that morning. Appellant bought the girl a soft drink and asked her if she wanted to go with him to visit his grandmother.
 {¶ 6} After Glenna agreed to go with appellant, appellant took her to a field located in the southeast end of Canton, near an old factory. The field included a small wooded area, where appellant attacked Glenna. Appellant beat the girl using his fists and a board or limb, and stomped on her body. Appellant performed acts of vaginal intercourse and digital penetration on the child. Appellant also inserted sticks and stones into her vagina. Appellant dug a shallow grave and covered Glenna's dead body. Appellant lead police to the gravesite.
 {¶ 7} In addition to Detective O'Brien's testimony, the trial court considered appellant's taped confession, the bill of particulars, and appellant's competency and sanity evaluations. After hearing the testimony and considering the exhibits, the trial court found by clear and convincing evidence appellant should be adjudicated a sexual predator pursuant to R.C. 2950.09. The trial court memorialized its decision via Judgment Entry filed March 14, 2006. The trial court overruled appellant's constitutional challenges via Judgment Entry filed March 15, 2006.
 {¶ 8} It is from the March 14, and 15, 2006 Judgment Entries appellant appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM IN (SIC) EX POST FACTO GROUNDS.
 {¶ 10} "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 {¶ 11} "III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 {¶ 12} "IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE."
 {¶ 13} "V. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING."
 I, II {¶ 14} In his first assignment of error, appellant maintains the trial court erred in overruling his motion to dismiss the proceedings against him on the basis of ex post facto. In his second assignment of error, appellant asserts the trial court erred in failing to find the classification proceedings against him were retroactive.
 {¶ 15} We overrule appellant's first and second assignments of error on the authority of State v. Cook (1998),83 Ohio St.3d 404, cert. denied (1999), 525 U.S. 1182.
 III, IV {¶ 16} In his third assignment of error, appellant submits the trial court erred in failing to dismiss the sexual predator proceedings on double jeopardy grounds. In his fourth assignment of error, appellant maintains the trial court erred in denying his motion to dismiss because the sexual predator statute is unconstitutionally vague.
 {¶ 17} We overrule appellant's third and fourth assignments of error on the authority of State v. Williams (2000),88 Ohio St.3d 513, 533.
 V {¶ 18} In his final assignment of error, appellant maintains the trial court erred in classifying him a sexual predator as such finding was not supported by clear and convincing evidence.
 {¶ 19} In State v. Cook, supra, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial in nature and not punitive. Therefore, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v.Foley Constr. (1978), 54 Ohio St.2d 279. According to this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 20} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination. These factors are as follows:
 {¶ 21} "(3) In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 22} "(a) The offender's or delinquent child's age;
 {¶ 23} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 24} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 25} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 26} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 27} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 28} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 29} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 30} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 31} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 32} The trial court shall determine the offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C.2950.09(C)(2)(b). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate; being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 33} In the case sub judice, appellant contends the state failed to present sufficient evidence to establish, by clear and convincing evidence, he is likely to reoffend. In making its determination, the trial court considered the testimony of Det. O'Brien, appellant's statement to police following his arrest, the bill of particulars, and appellant's competency and sanity evaluations. The trial court noted the age of appellant, twenty-nine, versus the age of the victim, nine, at the time of the offense. Additionally, the trial court noted appellant knew his victim and his victim appeared to trust him. The trial court also found appellant demonstrated extreme cruelty to his victim. Upon review of the record, we find there is clear and convincing evidence in the record to support the trial court's finding.
 {¶ 34} Appellant's fifth assignment of error is overruled.
 {¶ 35} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.